857 F.2d 1475
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl HARRIS, Joe David Rutledge, Defendants-Appellants.
 Nos. 87-6024, 87-6193.
 United States Court of Appeals, Sixth Circuit.
 Sept. 9, 1988.
 
 Before ENGEL, Chief Judge, NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants Carl Harris and Joe David Rutledge appeal a judgment entered upon a jury verdict of the United States District Court for the Middle District of Tennessee finding them guilty of (1) conspiracy to distribute and to possess with intent to distribute cocaine; (2) distributing cocaine; and (3) possessing intent to distribute a quantity of cocaine. Harris was also found guilty of possessing a firearm.
 
 
 2
 The indictment of Harris and Rutledge arose from an investigation by the Tennessee Bureau of Investigation (TBI). TBI undercover agents engaged in a series of recorded telephone conversations with an alleged middleman, Charles Presley, to purchase six ounces of cocaine from Presley's sources. The agents also met with Presley on two occasions, both of which were taped. In the course of the second meeting, during which the cocaine was supposed to be distributed, Presley met with an undercover TBI agent in a hotel room and offered the agent two of the six ounces of cocaine, indicating that he would deliver the remaining four ounces only after the agent first paid for the entire six ounces. Presley was arrested during this meeting, and the signal was given to other TBI officers to arrest Harris and Rutledge who were stationed in a car outside the hotel. Upon Harris' and Rutledge's arrest, the agents discovered four ounces of cocaine in a paper bag on the floorboard of the automobile, a pistol near Harris' foot, and a needle and syringe containing cocaine residue in Rutledge's pants pocket.
 
 
 3
 On appeal, Harris and Rutledge argue that the court erred in its "accomplice" instructions to the jury; in allowing into evidence the needle and syringe containing cocaine residue; in its jury instructions on conspiracy; and in refusing to grant a mistrial in light of the government's attempt to introduce improper evidence. They also argue that there was insufficient evidence to support their conviction.
 
 
 4
 Upon review of defendants' various arguments, we are of the opinion that no errors, considered individually and in their totality, sufficiently intervened in the district court proceedings to warrant our disturbing the verdict or the judgment of conviction involved in this appeal. The evidence of the involvement of both Harris and Rutledge in the drug scheme was compelling and did not, as contended by their counsel on appeal, rest solely upon the dubious veracity of Charles Presley, whose interest and cooperation with the TBI arising out of his negotiated plea was fully exposed to the jury. While some of the language with respect to Presley's role as an accomplice might have been more artfully expressed by the trial judge, his jury instructions, read as a whole, lead us to conclude that no prejudice could have flowed from the use of that term nor misled the jury in any way. The complaints of prosecutorial misconduct, complaints which defense counsel admit go more to the conduct of prosecution witnesses than to the prosecutor personally, while giving us some pause, were not so pervasive as to have affected the substantial rights of the defendants to a fair trial. Moreover, in many instances the alleged misconduct was accompanied by appropriate admonitions by the trial court. We also find no error in the instructions given by the court on the question of conspiracy, since they appear generally well balanced and of a type customarily given in such circumstances.
 
 
 5
 Finally, we find no error in permitting the introduction of the needle and syringe found on the person of Joe David Rutledge at the time of his arrest. While its admissibility under Federal Rule of Evidence 404(b) was strenuously contested, and while it was further alleged that any probative value was outweighed by its prejudicial value, we conclude that such evidence not only was probative of the knowledge and intent of Rutledge, but was also relevant to the issue of any absence of mistake as to whether the material found in the vehicle with defendants was cocaine. Evidence of the circumstances immediately involved at the time of the arrest which is also linked to the charged offense is normally admissible as part of the res gestae. As the Fifth Circuit has observed, "[a]n act cannot be characterized as an extrinsic act when the evidence concerning that act and the evidence used to prove the crime charged are inextricably intertwined." United States v. Alemar, 592 F.2d 881, 885 (5th Cir.1979). See also United States v. Bloom, 538 F.2d 704 (5th Cir.1976); United States v. Lippner, 676 F.2d 456 (11th Cir.1982).
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.